UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BUDDY ALBIN CONSTRUCTION     CIVIL ACTION NO. 07-1891
& ELECTRIC CO, LLC
versus     JUDGE HICKS

AMBLING CONSTRUCTION CO, LLC     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiff filed this action based on an assertion of diversity jurisdiction. Plaintiff alleges that it is a "foreign limited liability company" domiciled in Texas. Plaintiff asserts that Defendant is a "foreign corporation" domiciled in Georgia, but Defendant's name suggests that it is a limited liability company rather than a corporation. Those allegations are not sufficient to satisfy Plaintiff's burden of establishing a basis for the exercise of diversity jurisdiction.

Most states deem an **LLC** to be an unincorporated association. An unincorporated association is a citizen of each state of which any member is a citizen. Its state of organization and principal place of business are irrelevant. W W McC L L C v. Hangar Inc., 2007 WL 2693666 (W.D. La. 2007). Accordingly, it is incumbent on the party asserting diversity to identify and allege the citizenship of each member of an LLC party.

If members are themselves entities or associations, the citizenship must be traced through however many layers of members there may be, and failure to do so can result in dismissal for want of jurisdiction. Id. The court needs to know each member's citizenship, and if necessary each member's members' citizenships. When setting forth the citizenship of

a member, Plaintiff should look to the specific rules for corporations, individuals, and partnerships or other unincorporated associations, as the case may be, and plead the necessary facts with precision.

A **corporation** is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In order to adequately establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001); Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988).

Citizenship when a **partnership** is involved is determined in a manner similar to that for an LLC. The citizenship of the partners, rather than place of organization or principal place of business, is determinative. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1994); Newport Limited v. Sears, Roebuck and Co., 941 F.2d 307 (5th Cir. 1991).

As for an **individual**, it is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan

Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984).

Plaintiff is directed to file an **Amended Complaint**, which will require a motion for leave (and statement regarding consent required by LR 7.6W) since Defendant has filed an answer, to state with particularity the citizenship of the parties. The deadline for compliance with this order is **February 1, 2008.** If jurisdiction is shown to exist, a scheduling conference will be set.

Plaintiff is granted leave to conduct discovery, if necessary, to learn the identity and citizenship of the members of the Defendant LLC. Formal discovery on this issue is often unnecessary because counsel for an LLC or other entity will voluntarily provide opposing counsel with the necessary information, and the court encourages such cooperation in this case. If Plaintiff has to pursue formal discovery to learn the information necessary to plead the citizenship of Defendant, it may request more time to file its amended complaint.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 14th day of January, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE